UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELLEN WALTMAN, | : | |
| | : | |
| Plaintiff, | : | Case No.: |
| | : | |
| VS. | : | |
| | : | |
| UNITED SERVICES, INC., | : | |
| | : | |
| Defendant. | : | November 6, 2020 |
| | | |
| | | Jury Trial Demanded |

## COMPLAINT

Plaintiff, Ellen Waltman, by and through her attorneys, Sabatini and Associates, LLC, complaining of the defendant, respectfully alleges:

## PARTIES

1. Plaintiff is a citizen of the State of Connecticut.

2. Defendant United Services, Inc. was and is a private non-profit corporation organized and existing under the laws of the State of Connecticut with a principal place of business located at 1007 North Main Street, Dayville, Connecticut 06241.

3. Defendant owns and operates a facility located at 132 Mansfield Avenue, Willimantic, Connecticut 06226.

4. At all times material, plaintiff was an eligible employee as that term is defined by the FMLA.

5. At all times material, defendant employed fifty or more employees at plaintiff's former worksite for twenty or more weeks in 2017 and 2018 in an industry

affecting interstate commerce. Accordingly, defendant is an employer covered by the FMLA.

## JURISDICTION AND VENUE

6. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: the Family Medical Leave Act of 1993 (FMLA)

7. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

8. Defendant employed plaintiff.

9. Defendant hired plaintiff on or about September 14, 2016.

10. Plaintiff's job title was Crisis Response Clinician.

11. Plaintiff was qualified for the job.

12. Defendant employs Diane Mannining.

13. Manning is defendant's President/CEO and a supervisory employee.

14. Defendant employs Cassie Mantoni.

15. Mantoni is defendant's human resources director.

16. Plaintiff has twenty (2) years of experience as a clinician.

17. Plaintiff has a serious health conditions within the meaning of the FMLA.

18. Plaintiff requested FMLA-job protected intermittent medical leave.

19. On October 25, 2018, plaintiff notified her manager Lisa Odgren that she was feeling ill and wanted to leave work early due to illness. Plaintiff also asked if she could use sick time.

20. Odgren told plaintiff that she could not.

21. On or about November 1, 2018, plaintiff's health care provider completed a FMLA certification form requesting intermittent medical leave.

22. The completed FMLA certification form was submitted to the defendant.

23. On November 2, plaintiff attended a team meeting with Odgren, Diana Giordano, Ashley Davison ansd

24. On November 2, 2018, plaintiff's manager issued a written warning to the plaintiff.

25. On November 8, 2018, defendant placed the plaintiff on administrative leave.

26. On November 16, 2018, defendant terminated plaintiff's employment.

27. Any and all excuses offered by the defendant to explain the termination decision would be a pretext to mask unlawful retaliation.

28. Defendant employed Corina Jade.

29. Jade was a Licensed Clinical Social Worker.

30. Jade and plaintiff were co-workers.

31. Jade and plaintiff worked on the crisis team together.

32. Based on Jade's work interactions with the plaintiff, Jade found plaintiff to be a very diligent, hard-working, and incredibly skilled crisis clinician.

33. Jade knew that the department that she and plaintiff worked in was chronically short-staffed.

34. The chronic staff shortage created difficulties in to fully follow all established policies and procedures at all times especially when responding to crises.

35. Jade exercised her FMLA rights while employed by the defendant.

36. Defendant heavily questioned Jade's use of FMLA time without factual basis.

## FIRST COUNT
### (FMLA Discrimination/Retaliation)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

37. Plaintiff invoked her right to FMLA-qualifying leave.

38. Defendant, by and through its agents and/or employees, retaliated against the plaintiff for the exercise of her rights under the FMLA in one or more of the following ways:

    (a) by terminating plaintiff's employment.

39. As a direct and proximate result of defendant's retaliation/discrimination, plaintiff suffered and sustained damages, including but not limited to: lost wages, lost employee/retirement benefits, and other expenses and financial losses that would not otherwise have been incurred.

40. Defendant used plaintiff's use of the FMLA as a negative factor when deciding to terminate her employment.

41. Defendant's actions have been willful.

## SECOND COUNT
### (Interference with the Exercise of Rights under the FMLA)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

42. Defendant effectively denied plaintiff her rights under the FMLA by terminating her one day after taking her first FMLA designated absence from work.

43. Plaintiff was actively exercising her FMLA-protected medical leave rights during the time period leading up to the date of her termination.

44. As a direct and proximate result of defendant's interference, plaintiff suffered and sustained damages, including but not limited to: lost wages, lost employee and/or retirement benefits, and other expenses and financial losses that would not otherwise have been incurred.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days; liquidated damages; attorneys' fees; costs; interest; job reinstatement; prejudgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

DATE: November 6, 2020

*James Sabatini*
James V. Sabatini, Esq.
Fed. No.: CT 19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF